**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
|     VENOM, INC. | : | |
|               Debtor(s) | : | Bky. No. 09-10445ELF |
| | : | |
| | : | |
| | : | |
| SABERTOOTH, LLC | : | |
| GREEN GOBLIN, INC. | : | |
|               Plaintiff(s) | : | |
| | : | |
|     v. | : | |
| | : | Adv. No. 09-00067ELF |
| ALAN SIMONS | : | |
|               Defendant(s) | : | |

# O R D E R

**AND NOW**, upon consideration of the Defendant's Motion to Preclude Evidence in Support of the Plaintiff's Diminution of Value Claim ("the Motion"), the Plaintiffs' Response thereto, and after a hearing, it is hereby **ORDERED** and **DETERMINED** that:

1. The Motion is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is **GRANTED** insofar as it seeks an order compelling the production of certain documents and for an award of expenses, including reasonable attorney's fees, and **DENIED** insofar as it seeks to preclude the Plaintiffs from presenting <u>any</u> evidence in support of their "diminution of value" claim.[1]

---

[1] The dispute in this case centers primarily on the Plaintiffs' failure to produce the electronic financial records that it maintained in the ordinary course (specifically, via the program known as "Quickbooks"). The Defendant argues convincingly that it needs this data in electronic form so that its expert may analyze the financial compilations that the Plaintiff s supplied in discovery in support of their "diminution of value" claim.

(continued...)

---

[1](...continued)

The Defendant cites Fed. R. Civ. P. 37(c) (incorporated in this proceeding by Fed. R. Bankr. P. 7037) in support of his request that the Plaintiffs be precluded from offering any evidence at trial in support of their diminution of value claim. The first sentence of Rule 37(c) (1) provides for exclusion of evidence that a party fails to produce as required by Rule 26(a) or Rule 26(e), even absent a failure to comply with a prior order compelling discovery, unless the failure to produce was substantially justified or is harmless. In this case, Rule 26(e) is the applicable provision ("if the party learns that in some material respect the disclosure or response is incomplete or incorrect," the party has a duty to supplement a response to discovery). Significantly however, the Defendant seeks relief, not under the first sentence of Rule 37(c), but under the second sentence of the rule. The Defendant requests not only the exclusion of the withheld evidence, but the exclusion of all evidence on the subject matter. See Fed. R. Civ. P. 37(c)(1)(C) (incorporating discovery sanctions itemized in Rule 37(b)(2)(A)).

It is well established in this Circuit that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of wilful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997), cert.denied, 522 U.S. 1128 (1998) (quoting Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir.1977)); accord Merisant Co. v. McNeil Nutritionals, LLC, 242 F.R.D. 315, 326 (E.D. Pa. 2007). Further, as the Defendant maintains,

> [c]ourts in this Circuit consider four factors in determining whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

Merisant Co., 242 F.R.D. at 326 (citations and quotations omitted).

For several reasons, I am not convinced that the standard for exclusion of all of the Plaintiffs' evidence has been satisfied in this proceeding.

First, although the Plaintiffs failed to produce electronic documents in response to the Defendant's formal discovery request, they promptly acknowledged that the evidence existed when the Defendant made a specific inquiry. In that respect, there was no deception here. Further, the Plaintiff has produced a substantial amount of relevant financial data, including the content of the electronic documents in hard copy.

Second, there have been no court orders compelling discovery that were disregarded. Although a prior court order is not an absolute requirement and a party's flagrant disregard of its discovery obligations to the detriment of the opposing party may, in appropriate circumstances, justify the imposition of the extreme sanction requested here, the absence of a violation of a prior order is a

(continued...)

3. By the deadline and pursuant to the procedure set forth in Paragraph 4 below, the Plaintiffs are **ORDERED** to produce to the Defendants:

   a. the electronic documents on a CD in a searchable format ("the Searchable CD") that were requested by the Defendant in Interrogatory Nos. 2 and 4, the accompanying Request for Production of Documents and the Defendant's counsel's e-mail dated December 17, 2010; or

   b. the computer on which the documents referenced in Paragraph 3.a. above is stored

---

[1](...continued)
factor to be considered in determining the severity of an appropriate discovery sanction.

Third, the Plaintiffs' failure to produce the required electronic documents was mostly confined to two (2) relatively short periods of time: (1) between December 17, 2009, when the Defendant's counsel specifically requested the documents in an e-mail and approximately December 28, 2009, when the Plaintiffs were locked out of their Conshohocken location and were denied access to the computer holding the relevant data; and (2) between approximately late January 2010 (when the Plaintiffs regained possession of the computer) and February 20, 2010 (when the Defendant filed the Motion). These facts, combined with the Plaintiffs' production of the information in hard copy form, suggest that the Plaintiffs may not have engaged in a blatant, bad faith obstruction of the discovery process.

Fourth, the Plaintiffs appear to have the ability to provide the requested documents in the immediate future, thereby preventing the Defendant from suffering any prejudice. This can be accomplished with only a modest extension of the present pre-trial schedule and therefore, employment of a less severe remedy will not disrupt the efficient pre-trial management of this proceeding.

At the same time, however, the Plaintiffs bear most of the responsibility for the breakdown of the discovery process. The electronic information was requested and was discoverable. It should have been produced without the need for the Defendant counsel's December 17, 2009 e-mail request and certainly, promptly thereafter. The Plaintiffs' argument that the belated production of the electronic information in hard copy fulfills their discovery obligation is utterly unconvincing. Further, the Plaintiffs' failure to explain the technological problems that allegedly precluded them from downloading to CD the Quickbooks data in a searchable format after they recovered possession of their computer in late January 2010 and their failure to be proactive in solving the problem (either by procuring necessary technical assistance or by offering the Defendant access to the working computer in which the data was stored) also raises some question regarding the Plaintiffs' good faith in the discovery process.

In the exercise of my discretion, based on all the circumstances mentioned above, I conclude that preclusion of all of the Plaintiffs' evidence on the business valuation is not warranted. But some judicial intervention is appropriate, as is some sanction. Therefore, I will issue an order compelling discovery, accompanied by a requirement that the Plaintiffs reimburse the Defendant for his reasonable expenses. See Fed. R. Civ. P. 37(c)(1)(A). Also, over the Plaintiffs' objection, I will modify the pre-trial schedule to provide the Defendant with additional time to procure and analyze the electronic discovery belatedly obtained.

      ("the Computer"), the Computer to be in good working order and capable of permitting the Defendant and his expert to employ the functionalities of the program that generated the electronic documents.

4. **On or before March 12, 2010**, the Defendant's counsel shall advise the Plaintiffs' counsel in writing whether the Defendant prefers that production be made by delivery of the Computer or the Searchable CD.[2]  If the Defendant elects to receive the Computer, the Plaintiffs shall deliver the Computer to the Defendant's counsel **on or before March 23, 2010**.  If the Defendant elects to receive the Searchable CD, the Plaintiffs shall deliver the Searchable CD, or if unable to do so, the Computer to the Defendant's counsel **on or before March 23, 2010**.

5. **On or before March 23, 2010**, the Plaintiffs shall produce to the Defendant the electronic documents maintained through the proprietary "Twin Oaks" software that are responsive to discovery requests made by the Defendant in Interrogatory Nos. 2 and 4, the accompanying Request for Production of Documents and the Defendant's counsel's e-mail dated December 17, 2010.

6. The Defendant is awarded reasonable expenses, including attorney's fees in prosecuting this Motion.

7. Failure to comply with the requirements of Paragraphs 3-4 may result in the impositions of further sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A).

8. If the Plaintiffs are not able to or otherwise do not comply with Paragraph 5 above, the Defendant may seek to obtain the discovery through third party discovery.  In such event,

---

      [2]    The Defendant is being given this choice so that he may, at his option and expense, examine the computer to determine if any of the electronic data has been altered. See Defendant's Memorandum of Law at 11.

the Plaintiffs shall bear the reasonable expenses of such discovery.[3]

9. To obtain an order awarding expenses, including reasonable attorney's fees, pursuant to Paragraphs 6, 7 and/or 8, the Defendant shall file a separate motion or motions, which shall be governed by L.B.R 9014-3.

10. By separate order, the court will modify the pretrial schedule set forth in this court's prior order dated December 30, 2010 (Doc. #71).

**Date:   March 9, 2010**

**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

---

[3] Although the Plaintiffs maintain that their license with the proprietor of the Twin Oaks program has lapsed and that they lack access to the discoverable electronic documents, they have not contended that their license lapsed before their discovery responses fell due. Therefore, the Plaintiffs should bear any additional litigation costs incurred to procure the documents.