**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
|     VENOM, INC. | : | |
|         Debtor(s) | : | Bky. No. 09-10445ELF |
| | : | |
| | : | |
| ──────────────────── | : | |
| | : | |
| SABERTOOTH, LLC | : | |
| GREEN GOBLIN, INC. | : | |
|         Plaintiff(s) | : | |
| | : | |
|     v. | : | |
| | : | Adv. No. 09-00067ELF |
| ALAN SIMONS | : | |
|         Defendant(s) | : | |

# O R D E R

AND NOW, the Plaintiffs having filed a Motion for Partial Summary Judgment on Liability (Doc. # 105);

AND, the Defendant having filed a Cross Motion for Summary Judgment on Liability (Doc. #114);[1]

AND, the Defendant also having filed a Motion for Summary Judgment on Issue of Damages (Doc. # 124);

AND, the court determining it appropriate to raise the issue sua sponte whether the Rooker-Feldman doctrine applies and whether it has subject matter jurisdiction over this adversary proceeding;[2]

---

[1] The parties agreed that the Defendant's response to Plaintiff's MPSJ would be treated as a cross-motion for summary judgment. (See Doc #118).

[2] The Rooker-Feldman issue was raised, albeit indirectly, by the Defendants. By order dated October 22, 2009, the court consolidated for trial this adversary proceeding and an Objection to the
(continued...)

**AND**, because the court is raising the issue sua sponte, it being appropriate to give both parties the opportunity to be heard on the issue, particularly in light of the recent Court of Appeals' decision in Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 2010 WL 3035466 (3d Cir. Aug. 5, 2010);

It is hereby **ORDERED** that:

1. Oral argument on the issue whether this adversary proceeding should be dismissed without prejudice for lack of subject matter jurisdiction is **SCHEDULED at 1:00 p.m. on October 13, 2010, in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900 Market Street, Philadelphia, PA**.

2. Any memoranda of law the parties choose to file, shall be filed **on or before October 4, 2010**.

**Date:   September 13, 2010**

　　　　　　　　　　　　　　　　　　**ERIC L. FRANK**
　　　　　　　　　　　　　　　　　　**U.S. BANKRUPTCY JUDGE**

---

[2](...continued)
Proof of Claim of Warren Simons filed by a related debtor, Venom, Inc. (See Bky. No. 09-10445, Doc. # 290). In their Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment at 21-22, the Defendant asserted that the Rooker-Feldman doctrine court precludes the court from disallowing his claim in the Venom bankruptcy case. The Defendant did not raise the issue more generally with respect to adversary proceeding. However, that is immaterial. This court has the independent duty to consider its subject matter jurisdiction and to consider sua sponte, if necessary, whether subject matter jurisdiction exists. See, e.g., Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76 -77 (3d Cir. 2003), cert. denied, 541 U.S. 959 (2004). Here, I am raising the Rooker-Feldman issue sua sponte.